IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Darrell Young, | ) | Case No. 8:24-cv-05455-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| City of Seneca, Officer Barnum, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' motion to dismiss. [Doc. 6.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings.

On April 15, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Court grant Defendants' motion to dismiss as to Plaintiff's federal claim against Defendant City of Seneca (the "City"), decline to exercise supplemental jurisdiction over the remaining state law claims, and deny the remainder of Defendants' motion as moot. [Doc. 11.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 7.] Plaintiff filed objections to the Report on April 15, 2025. [Doc. 13.]

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).

The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## **BACKGROUND**[1]

On August 21, 2023, Defendant Officer Barnum pulled Plaintiff over after seeing him pass Barnum's K-9 SUV and then following Plaintiff's vehicle on the highway.  [Doc. 1 ¶¶ 8–9.]  Barnum first told Plaintiff that he had been pulled over for following a truck too closely, but then Barnum said that it was because Plaintiff did not have his lights on.  [*Id.* ¶ 10.]  Next, Barnum asked Plaintiff, "Where are the methamphetamines?"  [*Id.* ¶ 11 (internal quotation marks omitted).]  Plaintiff denied having any drugs in the vehicle.  [*Id.* ¶ 12.]  Another officer arrived, and Barnum then placed Plaintiff's "hands in overly tight handcuffs and aggressively assault[ed] Plaintiff by throwing [him] into the police cruiser and slamming [his] knee with the door," injuring Plaintiff's neck, back, and knee.  [*Id.*]

Barnum's K-9 sniffed Plaintiff's vehicle but did not indicate.  [*Id.* ¶ 13.]  Nonetheless, Barnum searched Plaintiff's vehicle.  [*Id.*]  After searching Plaintiff's vehicle, Barnum and the other officer issued a warning ticket to Plaintiff for his lights and released

---

[1] The facts included in this Background section are taken directly from the Complaint.  [Doc. 1.]

2

him. [*Id.* ¶¶ 14–15.] Plaintiff alleges that the incident caused him physical, emotional, and psychological injuries. [*Id.* ¶ 16.]

Plaintiff filed this action on October 1, 2024, alleging causes of action against both Defendants for false arrest/imprisonment, assault and battery, and gross negligence in performance of duties; and against the City for violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983 and for gross negligence in hiring, retaining, and training. [*Id.* ¶¶ 17–60.] He seeks declaratory and injunctive relief; actual, compensatory, and punitive damages; and attorneys' fees, costs, and expenses. [*Id.* at 8–9.]

## APPLICABLE LAW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Even so, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31–32 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal* Practice, *and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557; *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely

4

consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

## DISCUSSION

As noted, the Magistrate Judge recommends that Defendants' motion to dismiss be granted as to Plaintiff's § 1983 claim against the City—the only federal claim alleged in the Complaint—and that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. [Doc. 11.] The Magistrate Judge concluded that Plaintiff failed to state a claim under § 1983 because the Complaint's allegations failed to plead that his injuries were caused by a City custom, policy, or practice such that the City would be subject to liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). [*Id.* at 3–5.] In his objections, Plaintiff contends that the Magistrate Judge erred in concluding that Plaintiff failed to adequately allege a City policy or custom because the Complaint "includes allegations of a pattern of unconstitutional conduct by the [City's] police officers, which should be sufficient to survive a motion to dismiss and warrant discovery to uncover further evidence of such a policy or custom." [Doc. 13 at 2; *see id.* at 1–4.]

In *Monell*, the Supreme Court held that a municipality cannot be held liable under § 1983 on a respondeat superior theory and, instead, is liable only for its own acts. 436 U.S. at 691 ("[W]e conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under

§ 1983 on a *respondeat superior* theory."). Therefore, "a municipality is liable under § 1983 if it follows a custom, policy, or practice by which local officials violate a plaintiff's constitutional rights. Only if a municipality subscribes to a custom, policy, or practice can it be said to have committed an independent act." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014) (internal citation omitted). The Fourth Circuit Court of Appeals has recognized four ways municipal liability may arise based on a policy or custom:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (alteration and internal quotation marks omitted).

Here, the Court agrees with the Magistrate Judge that Plaintiff has failed to state a plausible *Monell* claim. Plaintiff has not argued or alleged that the City violated his constitutional rights through an express policy or through the decisions of a person with final policymaking authority. [*See* Docs. 1 ¶¶ 46–60; 8 at 5–8; 13 at 2–3.] And, although Plaintiff argued in response to the motion to dismiss that the Complaint alleges a policy or custom based on failure to properly hire, train, supervise, and discipline [Doc. 8 at 5–6], in his objections to the Report, he relies only on the theory that the City's "practices were so persistent and widespread as to constitute a custom or usage with the force of

6

law, as required by *Monell* and its progeny" [Doc. 13 at 3].  Accordingly, the Court focuses its analysis on *Lytle*'s fourth method for establishing municipal liability.[2]

The conclusory allegations in the Complaint are insufficient to support a *Monell* claim against the City based on the custom or usage theory.  The Complaint alleges a "systematic pattern of conduct" that was "visited on [P]laintiff[] and other citizens" and that the City "knew or should have known of the fact that this pattern of conduct was carried out by [its] agents, services and employees."  [Doc. 1 ¶¶ 57–58.]  Aside from the factual allegations related to the August 21, 2023, incident, however, Plaintiff alleges no facts to support the conclusion that the conduct alleged in the Complaint is part of a "pattern." *See Howard v. City of Durham*, 68 F.4th 934, 954 (4th Cir. 2023) (describing as fatal to a *Monell* claim that the plaintiff offered "evidence of only a single incident of unconstitutional activity: the incident in this very case"); *Davis v. Lilly*, No. 7:23-cv-152, 2023 WL 6565288, at *5 (W.D. Va. Oct. 10, 2023) (dismissing a *Monell* claim and concluding that allegations of two prior instances did not establish a custom or practice); *Robinson v. Balt. Cnty.*, No. 21-cv-02997-LKG, 2022 WL 3577267, at *6 (D. Md. Aug. 19, 2022) (dismissing a *Monell* claim where the complaint alleged "no facts regarding any previous instances of conduct

---

[2] To the extent Plaintiff has attempted to plead municipal liability under § 1983 based on an omission theory [*see* Doc. 1 ¶¶ 50 (alleging failure "to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of" officers)], the allegations are insufficient to state a *Monell* claim because the Complaint fails to allege any specific deficiency that led to a constitutional violation, *see Johnson v. Balt. Police Dep't*, 452 F. Supp. 3d 283, 309 (D. Md. 2020) (noting that a "plaintiff must point out a specific deficiency in training, rather than general laxness or ineffectiveness in training" and that "the municipality will only be liable if the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been *deliberately indifferent* to the need" (internal quotation marks omitted)).  Instead, Plaintiff offers no more than bald assertions that the City's officers were not properly trained and/or supervised.

similar to the alleged 'offensive conduct' of the [d]efendant [o]fficers"). Plaintiff's conclusory allegations that the conduct is part of a pattern do not lead to a reasonable inference that the City had actual or constructive knowledge of any allegedly unconstitutional practices. *See Howard*, 68 F.4th at 952 (explaining that "[t]o prove a custom or practice using the fourth method, [a plaintiff] must show that a pattern of comparable practices has become actually or constructively known to responsible policymakers" (internal quotation marks omitted)).

Upon review of the Complaint in this case, the Court concludes that Plaintiff has alleged no facts for the Court to infer an unconstitutional custom, policy, or practice to state a *Monell* claim. Accordingly, he has failed to state a claim against the City under § 1983, and Defendants' motion to dismiss is granted as to this claim.[3]

## **CONCLUSION**

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Defendants' motion to dismiss [Doc. 6] is GRANTED as to Plaintiff's § 1983 claim against the City, and that claim is dismissed without prejudice. Plaintiff's remaining state law claims are

---

[3] Plaintiff has not objected to the recommendation that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. [*See generally* Doc. 13.] Having reviewed the Report, the record, and the applicable law regarding this recommendation, the Court finds no clear error. Thus, the Court accepts the Report with respect to the recommendation that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

DISMISSED without prejudice so that he can pursue them in state court if he wishes to do so.[4]

    IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

September 2, 2025
Greenville, South Carolina

---

[4] The statute of limitations on these state law claims has been tolled while they were pending in federal court and remains tolled for a period of 30 days after they are dismissed. 28 U.S.C. § 1367(d).